D. Lamar DELOACH, William G. Hyman, Hyman Farms, Inc., Guy W. Hale, James R. Smith, Houston T. Everett, D. Keith Parrish, Plaintiffs,

v.

PHILIP MORRIS COMPANIES, INCORPORATED, Philip Morris Incorporated, Philip Morris International, Inc., R.J.R. Nabisco Holdings Corp., R.J. Reynolds Tobacco Holdings, Inc., R.J. Reynolds Tobacco Company, B.A.T. Industries, P.L.C., British American Tobacco Company, Inc., Batus Holdings Incorporated,

Brown & Williamson Tobacco Corporation, Lorillard Tobacco Company, Loews Corporation, Universal Leaf Tobacco Co., J.P. Taylor Co., Inc., Southwestern Tobacco Co., Inc. Dimon Inc., Standard Commercial Corp., Defendants.

No. 1:00CV01235.

United States District Court, M.D. North Carolina.

April 3, 2002.

Alan M. Wiseman, Joseph A. Ostoyich, Howrey Simon Arnold & White, LLP, Robert F. Ruyak, Kenneth C. Anderson, Robert L. Green, Jr., Thomas A. Isaacson, Jason D. Smith, Howrey Simon Arnold & White, LLP, Alexander J. Pires, Jr., Ingrid Hutto, Conlon Frantz Phelan & Pires, LLP, Washington, DC, J.L. Chestnut, Chestnut Sanders Sanders & Pettaway, P.C., Selma, AL, Richard M. Hutson, II, Durham, NC, for D. Lamar Deloach, William G. Hyman, Hyman Farms, Inc., Guy W. Hale, James R. Smith, Houston T. Everett, D. Keith Parrish, All Plaintiffs.

Douglas L. Wald, Arnold & Porter, Washington, DC, Angela L. Little, Smith Helms Mulliss & Moore, LLP, Greensboro, NC, Daniel R. Waldman, Donna E. Patterson, Robert J. Jones, Mark R. Merley, Anthony J. Franze, Michael D. Yeh, Mark J. Montano, Sarah B. Kotler, Arnold & Porter, Washington, DC, David Boies, Boies Schiller & Flexner, LLP, Armonk, NY, Donald L. Flexner, Amy J. Mauser, Boies Schiller & Flexner, Washington, DC, James Donald Cowan, Jr., Dixie Thomas Wells, Smith Moore, L.L.P., Greensboro, NC, Lisa Frye Garrison, Smith Moore, L.L.P., Raleigh, NC, W. Andrew Copenhaver, Womble Carlyle Sandridge & Rice, Winston–Salem, NC, Paul A. Kaplan, Womble Carlyle Sandridge & Rice, PLLC, Washington, DC, William Kearns Davis, James R. Fox, Stephen McDaniel Russell, Troy Douglas Cahill, Bell Davis & Pitt, P.A., Winston–Salem, NC, Stephen R. Patton, Jeffrey L. Williams, Jeffrey L. Willian, Kirkland & Ellis, Chicago, IL, Kenneth N. Bass, Kirkland & Ellis, Washington, DC, James T. Williams, Jr., Brooks Pierce McLendon Humphrey & Leonard, Greensboro, NC, Harold H. Chen, Brooks Pierce McLendon Humphrey & Leonard, L.L.P., Raleigh, NC, Jennifer Van Zant, Brooks Pierce McLendon Humphrey & Leonard, Greensboro, Peter J. Kadzik, R. Bruce Holcomb, Barry J. Fleishman, James Van R. Springer, Dickstein Shapiro Morin & Oshinsky, LLP, Washington, DC, Wade Marvin Smith, Tharrington Smith, Raleigh, NC, Douglas W. Kenyon, Hunton & Williams, Raleigh, NC, R. Noel Clinard, Hunton & Williams, Richmond, VA, Jeffrey B. Welty, Poyner & Spruill, L.L.P., David William Long, Poyner & Spruill, L.L.P., Joseph E. Zeszotarski, Jr., Raleigh, for Philip Morris Companies, Incorporated, Philip Morris Incorporated, Philip Morris International Inc., R.J.R. Nabisco Holdings Corp., R.J. Reynolds Tobacco Holdings, Inc., R.J. Reynolds Tobacco Company, B.A.T. Industries, P.L.C., British American Tobacco Company, LTD., Batus Holdings Incorporated, Brown & Williamson Tobacco Corporation, Lorillard Tobacco Company, Loews Corporation, Universal Leaf Tobacco Co., J.P. Taylor Co., Inc., Southwestern Tobacco Co., Inc., Dimon Inc., Standard Commercial Corp., defendants.

## MEMORANDUM OPINION AND ORDER

OSTEEN, District Judge.

The court has before it the motion of Defendants to strike Plaintiffs' deposition errata

sheets and Plaintiffs' motion to strike portions of Defendants' rebuttal expert report and for other sanctions. The complaint underlying the motions at issue alleges that antitrust violations were committed by Defendants Philip Morris, Inc., R.J. Reynolds Tobacco Co., Brown & Williamson Tobacco Corp., and Lorillard Tobacco Co. (collectively, Manufacturer Defendants) and Universal Leaf Tobacco Co., J.P. Taylor Co., Inc., Southwestern Tobacco Co., Inc., DIMON, Inc., and Standard Commercial Corp. (Standard) (collectively, Buyer Defendants).[1] The named Plaintiffs are as follows: D. Lamar DeLoach (DeLoach), William G. Hyman (Hyman), Hyman Farms, Inc., Guy W. Hale, James R. Smith, Houston T. Everett, and D. Keith Parrish (Parrish). The factual background of this case has been discussed in greater detail in the court's July 24, 2001, memorandum opinion and order denying Defendants' joint motions for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the court will deny Defendants' motion to strike Plaintiffs' deposition errata sheets. The court will also deny Plaintiffs' motion to strike portions of Defendants' rebuttal expert report; however, it will allow Plaintiffs to supplement their expert report to incorporate the disputed information.

## I. DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' ERRATA SHEETS

Defendants ask the court to strike the changes contained in the deposition errata sheets of Hyman, DeLoach, and Parrish because the suggested changes are not corrections of error in transcription by the court reporter but are changes made to alter and/or clarify the answers previously given under oath. Plaintiffs argue that Rule 30(e) clearly allows a deponent to make substantive changes to his or her deposition.

Rule 30(e), amended in 1993, provides:

If requested by the deponent or a party before completion of the deposition, the deponent shall have 30 days after being notified by the officer that the transcript or recording is available in which to review the transcript or recording and, if there

are changes in form *or substance*, to sign a statement reciting such changes and the reasons given by the deponent for making them. The officer shall indicate in the certificate prescribed by subdivision (f)(1) whether any review was requested and, if so, shall append any changes made by the deponent during the period allowed.

Fed.R.Civ.P. 30(e) (emphasis added). Courts have held that Rule 30(e) is not satisfied unless the deponent supplies a reason for the changes contained in the errata sheets. *See, e.g., Tingley Sys., Inc. v. CSC Consulting, Inc.,* 152 F.Supp.2d 95, 120 (D.Mass.2001); *Holland v. Cedar Creek Mining, Inc.,* 198 F.R.D. 651, 653 (S.D.W.Va.2001) (finding that "courts generally construe Rule 30(e) broadly to permit any changes," but granting defendant's motion to exclude changes because deponent failed to supply reasons for changes to deposition testimony) (citation omitted); *Duff v. Lobdell–Emery Mfg. Co.,* 926 F.Supp. 799, 803–04 (N.D.Ind.1996) (deposition testimony struck because no explanation provided giving reason for changes).

The court in *Lugtig v. Thomas,* 89 F.R.D. 639, 641 (N.D.Ill.1981), included as a reason for its denial of the defendant's motion to strike certain errata sheets that the original answers to the deposition would remain part of the record and could be read at trial, stating that "[t]he witness who changes his testimony on a material matter between the giving of his deposition and his appearance at trial may be impeached by his former answers, and the cross-examiner and the jury are likely to be keenly interested in the reasons he changed his testimony." In addition, district courts have provided another safeguard against abuse by allowing the deposing party to reopen the examination if the changes render the deposition useless or incomplete without additional testimony. *See Tingley,* 152 F.Supp.2d at 120 (holding that Rule 30(e) allowed deponent to change the substance of his answers, but reconvening the depositions "for the limited purpose of inquiring into the reasons for the changed answers and where the changes originated"); *Perkasie Indus. Corp. v. Advance Trans-*

1.  Defendant Manufacturers and Defendant Buy-    ers are referred to collectively as Defendants.

*former, Inc.,* No. 90–7359, 1992 WL 166042, at \*2 (E.D.Pa. June 11, 1992) (stating that a deposition can be reopened if the changes are so substantial that the testimony is rendered useless without further cross-examination).

Both parties noted in their briefs that there are no decisions from the Fourth Circuit or district courts discussing this issue. Defendants rely on a frequently cited case, *Greenway v. International Paper Co.,* 144 F.R.D. 322, 325 (W.D.La.1992), in which the court explained the boundaries of Rule 30(e):

> The purpose of Rule 30(e) is obvious. Should the reporter make a substantive error, i.e., he reported "yes" but I said "no," or a formal error, i.e., he reported the name to be "Lawrence Smith" but the proper name is "Laurence Smith," then corrections by the deponent would be in order. The Rule cannot be interpreted to allow one to alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all then return home and plan artful responses. Depositions differ from interrogatories in that regard. A deposition is not a take home examination.

Defendants contend that the modern trend is to disallow any changes to depositions other than transcription errors. *See Walker v. Yellow Freight Sys., Inc.,* No. Civ.A.98–3565, 1999 WL 955364, at \*7 (E.D.La. Oct.19, 1999) (granting motion to strike deposition errata sheets where changes substantively altered testimony and plaintiffs had not submitted any opposition to defendant's motion); *Lewis v. Virginia Baptist Homes, Inc.,* No. Civ. A.95–0071–C, 1997 WL 102524, at \*2 n. 1 (W.D.Va. Mar.6, 1997) (citing *Greenway* and granting motion to suppress and nullify plaintiff's attempt to alter deposition testimony); *Eckert v. Kemper Fin. Servs., Inc.,* No. 95 C 6831, 1998 WL 699656, at \*6–7 (N.D.Ill. Sept.30, 1998) (prohibiting contradictory errata changes made after defendant's motion for summary judgment as an attempt to create a "sham issue of fact"); *Rios v. Welch,* 856 F.Supp. 1499, 1502 (D.Kan.1994) (relying on *Greenway* to hold that "a plaintiff is not

permitted to virtually rewrite portions of a deposition, *particularly after the defendant has filed a summary judgment motion*") (emphasis added); *Securities & Exchange Comm'n v. Parkersburg Wireless, L.L.C.,* 156 F.R.D. 529, 535 (D.D.C.1994) (noting modern trend in which courts do not allow a party "to make any substantive change she so desires" in deposition testimony).

Defendants also argue that the court should accord Plaintiffs' errata sheets the same treatment they would receive if they were part of an affidavit that plainly contradicted Plaintiffs' sworn deposition testimony, citing *Barwick v. Celotex Corp.,* 736 F.2d 946, 959–60 (4th Cir.1984) (finding that the district court properly disregarded the plaintiff's affidavit where it plainly contradicted the plaintiff's sworn deposition testimony). However, *Barwick* concerned a situation in which the plaintiff attempted to create a disputed fact issue in opposition to summary judgment by submitting a new affidavit that contradicted facts that had been admitted in deposition testimony. Plaintiffs contend that their errata sheets do not contradict facts, but rather clarify the deponents' memory of the third amended complaint and their understanding of its legal ramifications. In addition, Plaintiffs submitted their errata sheets in a timely fashion and before any motion for summary judgment.[2]

Defendants also cite *Thorn v. Sundstrand Aerospace Corp.,* 207 F.3d 383, 389 (7th Cir. 2000) (holding that "[w]e also believe, by analogy to the cases which hold that a subsequent affidavit may not be used to contradict the witnesses's [sic] deposition ... that a change of substance which actually contradicts the transcript is impermissible unless it can plausibly be represented as the correction of an error in transcription, such as dropping a 'not'"). However, the Seventh Circuit in *Sundstrand* noted that "[t]hough this [changing a deposition from what the deponent said to what he meant] strikes us as a questionable basis for altering a deposition, ... it is permitted by Fed.R.Civ.P. 30(e)." *Id.*

---

**2.** The case not having proceeded to merits discovery at this time, Defendants have not filed a motion for summary judgment.

Plaintiffs have cited a wealth of recent cases in which courts have interpreted Rule 30(e) to permit all changes as long as the procedural requirements are satisfied. *See Podell v. Citicorp Diners Club, Inc.,* 112 F.3d 98, 103 (2d Cir.1997) (noting that Rule 30(e) does not place any limitations on the type of changes that may be made); *Elwell v. Conair, Inc.,* 145 F.Supp.2d 79, 86 (D.Me.2001) (denying defendant's motion to strike errata sheet because "Rule 30(e) allows deponents to provide revised answers to deposition questions, including answers contradictory to those provided at the deposition") (citation omitted); *Toland v. Forest Labs., Inc.,* No. 00 Civ. 4179(LAK), 2001 WL 30617, at *1 (S.D.N.Y. Jan. 11, 2001) (stating, "To begin with, Rule 30(e) explicitly permits deposition witnesses to make substantive changes to the transcripts of their depositions"); *Havey v. Tenneco, Inc.,* No. 98 C 7137, 2000 WL 198445, at *5 (N.D.Ill. Feb.11, 2000) (denying plaintiff's motion to strike deponent's errata sheet and permitting changes that were "made following 'recollection refreshed by review of a document'"); *Titanium Metals Corp. v. Elkem Mgmt., Inc.,* 191 F.R.D. 468 (W.D.Pa.1998) (rejecting *Greenway* and stating that courts generally allow deponents to make material changes to prior deposition testimony); *Innovative Mktg. & Tech., L.L.C. v. Norm Thompson Outfitters, Inc.,* 171 F.R.D. 203, 205 (W.D.Tex.1997) (rejecting defendants' argument that Rule 30(e) only allows "the correction of stenographer/court reporter typographical errors," calling "[s]uch a reading of the rule ... too narrow"); *Hlinko v. Virgin Atl. Airways,* No. 96 Civ. 2873(KMW)(THK), 1997 WL 68563 at *2 (S.D.N.Y. Feb. 19, 1997) (holding that "[c]ourts generally construe Rule 30(e) broadly, to permit any changes to the deposition, even those having the effect of contradicting the original answers, regardless of how unconvincing the deponent's explanation for making the changes might be"); *Lugtig,* 89 F.R.D. at 641 (denying motion to strike and stating that "[t]he language of [Rule 30(e)] places no limitations on the type of changes that may be made by a witness before signing his deposition ... nor does the Rule require a judge to examine the sufficiency, reasonableness, or legitimacy of the reasons for the changes").

■ After reviewing their transcripts, each of which exceeded 350 pages, Parrish, DeLoach, and Hyman made a few changes to their deposition testimony pursuant to the procedural requirements of Federal Rule of Civil Procedure 30(e). Defendants have moved to strike two changes to Parrish's deposition, three changes to DeLoach's deposition, and five changes to Hyman's deposition. Both of Parrish's changes seek to clarify his answers to questions about which parties are subject to price fixing, reflecting his lack of understanding as to which claims for damages were asserted under the third amended complaint. Neither change contradicts his answers at deposition, instead explaining what he meant based on his understanding of the questions.

■ One of the changes to DeLoach's deposition simply explains his answer in more detail and is not contradictory to his testimony. The other two changes were made based upon DeLoach's review of the third amended complaint. The questions posed dealt with what claims were asserted, and DeLoach incorrectly answered as to one and could not recall whether the other claim was included in the complaint. Because both questions were based on DeLoach's knowledge of the complaint, a copy of which was not before him during the deposition, the court finds that the changes are within the scope of Rule 30(e).

■ Finally, the five changes to Hyman's deposition all relate to his knowledge and understanding of the third amended complaint. The changes are not contradictory because his answers reflected his awareness of the claims asserted, which were altered based on Hyman's review of the third amended complaint. As was the case with DeLoach, Hyman did not have a copy of the complaint before him during his deposition. Unlike some of the cases cited by Defendants, Hyman and DeLoach are not attempting to add new facts to support asserted claims, instead, they are clarifying their understanding of the third amended complaint. The existence of the claims, rather than the

facts supporting them, are not in dispute regardless of Plaintiffs' understanding of them. Further, Plaintiffs are not bound in any way by Hyman's or DeLoach's understanding of the legal claims *asserted.* Therefore, the court finds that Hyman's changes are the type of substantive changes permitted by Rule 30(e).

With the foregoing in mind, the court has reviewed the errata sheets and finds that the reasons given by the deponents were to clarify, to correct a misstatement resulting from an inaccurate recollection of the third amended complaint, or to correct a response because the deponent did not understand the question. In addition, Defendants have not alleged that Plaintiffs failed to follow the proper procedure, and a motion for summary judgment is not yet on the horizon. Defendants' reading of Rule 30(e) as only allowing the correction of court reporter typographical errors is too narrow, given the plain language of the rule, case law, and the nature of Plaintiffs' changes. Therefore, Defendants' motion to strike Plaintiffs' deposition errata sheets will be denied.

## II. PLAINTIFFS' MOTION TO STRIKE PORTIONS OF DEFENDANTS' REBUTTAL EXPERT REPORT

█ Plaintiffs have moved to strike paragraphs 47 through 49 and Figures 1 and 2 of Defendants' rebuttal expert report and for "such other sanctions as the Court may deem appropriate." (Pls.' Mot. Strike Portions Rebuttal Expert Report at 1.) Plaintiffs allege that the rebuttal report relies on computerized transaction data of Defendant Buyer Standard that was deliberately withheld from Plaintiffs during discovery on the issue of class certification. The discovery request at issue, production number 19, sought "[a]ll summary documents (including electronic data) relating to your leaf tobacco bids, purchases, or price paid, *including but not limited to* the entire Tobinet database in electronic form, but excluding individual transaction documents such as purchase orders and invoices." (Standard's Resp. Mot. Strike at 4 (emphasis added.)) Plaintiffs contend that Standard deleted more than two million entries of materially relevant

data relating to USDA grades of tobacco purchased at auction which were kept in the regular course of business in a computer database, instead providing only Tobinet data, with no notice to Plaintiffs of the deletion. Though Defendants' expert, Dr. Scheffman (Scheffman), did not refer to that particular data in his initial expert report, he relied heavily on other portions of the Standard database in his first report, and the USDA information was included in the materials provided to him. Further, Scheffman then used the USDA data at issue in his rebuttal report. The data was not produced by Defendants until after their rebuttal report was submitted, after Plaintiffs' expert report had been submitted and Plaintiffs' expert had been deposed.

Standard, in a separate brief, and Defendants collectively argue that Plaintiffs' discovery request was overbroad, so Standard instead decided to produce "the single item that was specifically and unambiguously requested: its Tobinet data." (Standard's Resp. Mot. Strike at 4.) Standard contends that, because it did not agree to provide the other information sought by Plaintiffs, it was not required to produce the same file provided to Scheffman. Standard points out Plaintiffs' failure to contact Standard's counsel to discuss Standard's response or to inquire about the existence of non-Tobinet data as support for their contention that they satisfied the discovery request. The court notes that Plaintiffs had no reason to know the USDA data existed until it was discussed by Scheffman. However, Standard admits that it produced *"exactly* the same data that Standard provided to Defendants' own expert, *except for USDA grade information."* (Id. at 5–6 (emphasis added.)) Standard likewise admits that it manually adds USDA grade information for tobacco purchased to the Tobinet information in its own database called the Standard Tobacco Leaf System; thus, the data was already compiled and required no additional preparation.

The court will not, at this point, ponder Defendants' motives for failing to produce the requested information. Rather, the court simply notes that information provided to Scheffman was not made available to

Plaintiffs until after Plaintiffs' expert could no longer make use of it, as Standard itself admitted. Moreover, Scheffman then used the withheld information to rebut Plaintiffs' expert report. Whatever the reason, the withholding of the data resulted in unfairness to Plaintiffs. The court is not persuaded by Defendants' argument that the discovery request was too broad, since the disputed data was readily available from Standard's database, required no additional preparation, and was obviously relevant enough that Defendants saw fit to provide it to Scheffman. Whether or not the USDA grades were part of the shared Tobinet is irrelevant—Standard was asked to produce electronic data relating to its purchase of leaf tobacco. The Standard database was clearly included within this request, as Standard cannot credibly deny, given Scheffman's use of the information.

Having found that Standard should have produced the disputed database, the question is, what resolution is appropriate? Though Defendants argue that they offered Plaintiffs an opportunity to either conduct a subsequent deposition of Plaintiffs' expert, now that he has been given the USDA data, or to respond to the rebuttal report—so long as Defendants were allowed to submit a *third* report, the court finds that neither solution is sufficient. Likewise, the court does not find that sanctions against Defendants would be appropriate under these circumstances, nor will it strike the contested portions of the rebuttal expert report. Instead, the court will allow Plaintiffs the opportunity to respond to Defendants' rebuttal expert report, which will be limited to paragraphs 47 through 49 and Figures 1 and 2. Further, Defendants will not be allowed the opportunity to reply to Plaintiffs' response to the withheld information.

## III. CONCLUSION

In accordance with the foregoing memorandum opinion filed contemporaneously herewith,

IT IS HEREBY ORDERED that Defendants' motion to strike the deposition errata sheets of Hyman, Parrish, and DeLoach [105] is denied.

IT IS FURTHER ORDERED that Plaintiffs' motion to strike paragraphs 47 through 49 and Figures 1 and 2 of Defendants' rebuttal expert report [110] is denied. However, Plaintiffs may respond to those paragraphs and figures in a supplemental report. Defendants will not have the opportunity to reply to any such supplemental report filed by Plaintiffs.