**AGRIZAP, INC., Plaintiff,**

v.

**WOODSTREAM CORPORATION, et al., Defendants.**

No. Civ.A. 04–3925.

United States District Court, E.D. Pennsylvania.

Jan. 19, 2006.

Kate M. Neiswender, K M Neiswender Law Office, Ventura, CA, Thomas S. Farnish, Larrimore & Farnish, LLP, Philadelphia, PA, for Plaintiff.

Abraham C. Reich, Theodore H. Jobes, Fox, Rothschild, O'Brien & Frankel, LLP, Philadelphia, PA, Harvey B. Jacobson, Jr., Philip L. O'Neill, Jacobson Holman PLLC, Washington, DC, for Defendants.

### *MEMORANDUM*

ROBERT F. KELLY, SR., District Judge.

Presently pending before me is Defendant Woodstream Corporation's ("Woodstream") motion to suppress the changes that non-party witness Patrick J. Frape ("Frape") made to his deposition transcript. For the following reasons, Woodstream's Motion is granted.[1]

### I. *RELEVANT BACKGROUND*

The relationship between Plaintiff, Agrizap, Inc. ("Agrizap") and Woodstream began in 2000. Woodstream contacted Agrizap about the possibility of the two parties entering into a marketing agreement for Agrizap's Rat Zapper Product. The Rat Zapper is a consumer product that consists of a plastic canister with a metal plate at the bottom and an electrical charge which ultimately kills the rodent. An oral marketing agreement was established between the two parties whereby Agrizap would manufacture and deliver Rat Zappers to Woodstream. The products would use Woodstream labels however.

---

1. Woodstream argues in the alternative to re-serve the decision on suppression of Frape's changes to his deposition pending the re-opening of his and other depositions, and for an award of attorney's fees and costs. By granting their motion to suppress Frape's changes to his deposition, Woodstream's alternative arguments are, therefore, moot.

**492**

According to the Second Amended Complaint, in early 2004, Agrizap discovered that Woodstream was manufacturing and marketing its own electronic rat trap. Agrizap asserts that confusion in the retail market developed because of Woodstream's branding of the Agrizap Rat Zapper and because of Woodstream's newly introduced rat zappers. Agrizap asserts that if this continued, Woodstream would effectively undermine Agrizap's ability to sell its goods in the market. Agrizap filed its Second Amended Complaint on April 5, 2005. The Second Amended Complaint contains the following five counts: Violation of California's Unfair Business Practices Laws & Professions Code (Count I); Breach of an Oral Contract (Count II); Patent Infringement (Count III); Intentional Misrepresentation (Count IV); and Trade Disparagement (Count V).

Woodstream deposed Frape on August 25, 2005 to obtain testimony concerning when Agrizap first began marketing its original electronic rodent killer, known as the "Gopher Zapper." Frape was employed as an Operations Manager of Agrizap from January 1993 through March 1994. Frape testified Agrizap began offering the Gopher Zapper for sale at least as early as a Long Beach, California trade show, which occurred in February, 1993. Counsel for Agrizap, Mark Neiswender, was present but Frape was not represented by counsel.

On December 1, 2005, three months after his deposition, Frape made three changes to his deposition transcript that are either contradictory or inconsistent with his original testimony. Frape made these changes by including a handwritten note with the reviewed transcript. Frape also hand-wrote the changes into the transcript itself. His changed testimony states that Agrizap did not offer any Gopher Zappers for sale at the Long Beach trade show in February 1993. On December 6, 2005, Woodstream received Frape's changes, as noted in hold:

Q: And so at this show, you and Bill had boxes of gopher zappers?

A: Yeah.

Q: Did you give any out?

A: No.

Q: Why did you have all these boxes of gopher zappers? Did you offer anything for sale?

*Original Answer:* I **think** we were offering them for sale, **but** I don't believe we sold any.

*Changed Answer:* I **don't think** we were offering them for sale, **and** I don't believe we sold any.

Q: What sale price do you recall offering them at?

*Original Answer:* **The number $80 kinds of rings a bell**, but that's pretty vague, I mean.

*Changed Answer:* **The number $80 kinds of rings a bell for later sales**, but that's pretty vague, I mean.

\* \* \*

Q: At the show, you demonstrated the gopher zapper to people who stopped by the booth, correct?

A: Um-hmm.

Q: And you offered the gopher zapper for sale to people who stopped by the both?

*Original Answer:* **Yeah.**

*Changed Answer:* **No.**

(Frape Corrected Dep. Tr. 17, lines 6–17; 18, lines 10–18).

The reason Frape gave for his changed testimony was that, "It's a better representation of my recollection." (Def.'s Mot. Ex. 1).

## II. *DISCUSSION*

Woodstream argues that Frape's changes to his deposition violate the procedural aspects of Federal Rule of Civil Procedure 30(e) and should be suppressed. I agree. Rule 30 provides the basic rules for the procedures used in taking depositions by oral examination. Fed.R.Civ.P. 30. Rule 30(e) states:

If requested by the deponent or a party before completion of the deposition, the deponent shall have 30 days after being notified by the officer that the transcript or recording is available in which to review the transcript or recording and, if there are changes in form or substance, to sign a statement reciting such changes and the

reasons given by the deponent for making them. The officer shall indicate in the certificate prescribed by subdivision (f)(1) whether any review was requested and, if so, shall append any changes made by the deponent during the period allowed.

Fed.R.Civ.P. 30(e).

Although courts are split over whether to allow substantive changes to a deposition, there is no debate that the procedural requirements of Rule 30(e) must be adhered to.[2] "Under the plain language of Rule 30(e) therefore, the deponent or party must request review of the deposition before its completion." *Rios v. Bigler*, 67 F.3d 1543, 1551 (10th Cir.1995). Rule 30(e) also references Rule 30(f)(1). "Rule 30(f)(1) specifies that the certificate where such request is noted 'shall' accompany the deposition and be filed with the deposition or sent to the attorney who arranged for the transcript or recording." *Id.* Therefore, for Frape to make a substantive change to his deposition, a party or Frape must request review of his deposition before its completion, and the officer conducting the deposition must note the request on a certificate, which " 'shall be in writing and accompany the record of the deposition.' " *Id.* at 1552 (quoting Fed.R.Civ.P. 30(f)(1)). "If the party or deponent properly requests review, the party or deponent may submit changes to his deposition within [30] days after being notified by the

officer that the transcript is available for review." *Id.*

The changes Frape attempts to make to his deposition run afoul of Rule 30(e)'s two procedural requirements and, therefore, must be stricken. First, neither Frape nor Agrizap requested the opportunity to review Frape's deposition. Consequently, the California court reporter who transcribed Frape's deposition did not issue a certificate that Frape or either party had asked to review the transcript.[3]

Attempting to explain their procedural error, Agrizap's counsel argues that such a request was stipulated to by counsel. The only record of a stipulation that they reference was a dialogue at the end of the Jo Swanson's deposition on August 8, 2005, between Woodstream's counsel, O'Neill, and Agrizap's counsel, Neiswender, which proceeded as follows:

O'Neill: I presume the witness will read and sign. What I would like, what I care about is that the exhibits be attached to the deposition.

Neiswender: Send the original to Kate Neiswender at the address you have.

O'Neill: I need exhibits attached to it and it can be signed under penalty of perjury.

(Swanson Dep. at 109–110). Even read broadly, the stipulation in Swanson's deposition does not create a stipulation that would

---

**2.** After satisfying the procedural requirements of Rule 30(e), the majority view among federal decisions interprets Rule 30(e) to permit the deponent to make any kind of changes (corrections based on a claim of transcription error, or any other substantive or procedural changes). *See Foutz v. Town of Vinton, Va.*, 211 F.R.D. 293 (W.D.Va.2002); *DeLoach v. Philip Morris Companies, Inc.*, 206 F.R.D. 568, 571–72 (M.D.N.C. 2002); *Tingley Systems, Inc. v. CSC Consulting, Inc.*, 152 F.Supp.2d 95, 120 (D.Mass.2001); *Podell v. Citicorp Diners Club, Inc.*, 914 F.Supp. 1025, 1034 (S.D.N.Y.1996); *United States v. Piqua Engineering, Inc.*, 152 F.R.D. 565 (D.Ohio 1993); *Lugtig v. Thomas*, 89 F.R.D. 639, 642 (N.D.Ill.1981) (not examining the sufficiency, reasonableness, or legitimacy of the reason); *see generally* 8A Wright, Miller & Marcus, Federal Practice and Procedure, § 2118 at 134 (1994). A minority view takes the position that corrections on errata sheets that alter the substance of the deponent's testimony are not permitted. *See, e.g.*, *Wigg v. Sioux Falls Sch. Dist. 49–5*, 274

F.Supp.2d 1084, 1090–91 (D.S.D.2003); *Duff v. Lobdell–Emery Mfg. Co.*, 926 F.Supp. 799, 803 (N.D.Ind.1996); *S.E.C. v. Parkersburg Wireless Ltd. Liab. Co.*, 156 F.R.D. 529 533 & n. 11 (D.D.C.1994); *Greenway v. International Paper*, 144 F.R.D. 322 (W.D.La.1992) ("the Rule cannot be interpreted to allow one to alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all and then return home and plan artful responses. Depositions differ from interrogatories in that regard. A deposition is not a take home examination.").

**3.** Counsel for Woodstream made arrangements to transcribe the California depositions through a Washington, D.C. court reporting firm, Alderson Reporting, which then secured the services of the California reporting agency, Personal Reporters. Once transcribed, the California reporting agency then forwarded transcripts to Alderson Reporting.

carry over to Frape's deposition. Agrizap has not presented any evidence that such a stipulation regarding Frape's deposition exists. The lack of record support indicates that no such stipulation exists. Therefore, the first procedural requirement of Rule 30(e) has not been met.

Second, neither Frape nor Agrizap requested review of Frape's deposition within 30 days of its availability for review. Normally, when the first procedural requirement is violated and no certificate of review request is made, the parties are not notified that the transcript is available for reading and signing. However, for reasons unknown, Alderson Reporting notified Agrizap's attorney on August 31, 2005 that the transcript was available for reading and signing. Instead of taking action within the 30–day period prescribed by Rule 30(e), the parties and Frape allowed their right to make changes to the deposition to lapse. On October 3, 2005, after expiration of the 30–day period, Alderson Reporting sent the original transcript to Woodstream's counsel with an enclosed note explaining that Frape's original testimony was final because it had not been read and signed within the time allotted.

Frape is, therefore, barred from changing his August 25, 2005 deposition because he and Agrizap failed to comply with the procedural requirements of Rule 30(e). Frape's December 1, 2005 changes to his deposition must be suppressed. An appropriate order follows.

### ORDER

**AND NOW**, this 19th day of January, 2006, upon consideration of the Defendant's, Woodstream Corporation, Motion to Suppress the Deposition Changes of Patrick J. Frape and the responses thereto, it is hereby **ORDERED** that the Defendant's Motion (Doc No. 49) is **GRANTED** and the corrections made by non-party witness Patrick J. Frape are suppressed.