Gloria RIOS, Plaintiff,

v.

Lauren WELCH, M.D., Defendant.

No. 93–2050–JWL.

United States District Court,
D. Kansas.

June 16, 1994.

Bryson R. Cloon, Cloon, Bennett, Ronan & Viveros, Overland Park, KS, for plaintiff.

Marta Fisher Linenberger, Wayne T. Stratton, Steve A. Schwarm, Goodell, Stratton, Edmonds & Palmer, Topeka, KS, for F. Calvin Bigler, M.D.

Janet M. Simpson, Holbrook, Heaven & Fay, P.A., Kansas City, for Lauren A. Welch, M.D.

### MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

Plaintiff, Gloria Rios, filed this medical malpractice action, against Dr. Calvin Bigler and Dr. Lauren Welch on February 5, 1993. She alleged that both doctors failed to diagnose and properly treat her reflex sympathetic dystrophy ("RSD") and failed to timely refer her to a specialist capable of treating and curing her condition. Before trial, a partial settlement was reached and Dr. Bigler was dismissed from the case with prejudice to the refiling of claims against him. A jury trial was held from March 29, 1994 to April 8, 1994, resulting in a unanimous verdict in favor of Dr. Welch. This matter is currently before the court on plaintiff's motion for a new trial (Doc. # 108) and on plaintiff's motion to amend her motion for a new trial or in the alternative for relief from judgment pursuant to Rule 60(b)(6) (Doc. # 111). Plaintiff also requests oral argument on her motion to amend or for relief from judgment (Doc. # 113).[1] For the reasons set forth below, the court denies plaintiff's motions (Docs. # 108 & 111).

Plaintiff argues that, pursuant to Federal Rule of Civil Procedure 59, she is entitled to a new trial for three reasons: (1) because the court improperly prohibited plaintiff from presenting evidence on a failure to diagnose theory; (2) because "insurance" was improperly injected into the case inflaming the jury and causing unfair prejudice to plaintiff; (3) because the disclosure of Dr. Bigler as a former defendant coupled with the mentioning of social security disability benefits, both in contravention of court ordered stipulations, unjustly prejudiced plaintiff; and (4) because the court did not instruct the jury on a theory of "loss of chance" of recovery. The court categorically rejects plaintiff's claims that she was unfairly prejudiced or that error was made and denies plaintiff's request for a new trial and for relief from judgment.

### DISCUSSION

 Federal Rule of Civil Procedure 59(a) authorizes the court to grant a new trial "in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." The district court must grant a new trial when it deems a new trial necessary to prevent injustice. It has broad discretion in making such a determination. *McDonough Power Equipment, Inc. v. Greenwood,* 464 U.S. 548, 556, 104 S.Ct. 845, 850, 78 L.Ed.2d 663 (1984). An error of law, if prejudicial, is grounds for a new trial. *Anderson v. Phillips Petroleum Co.,* 861 F.2d 631, 637 (10th Cir.1988); 11 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2805 at 38 (1973). In considering a motion for a new trial, the court should "exercise judgment in preference to the automatic reversal for 'error' and ignore errors that do not affect the essential fairness of the trial." *McDonough Power Equipment, Inc.,* 464 U.S. at 553, 104 S.Ct. at 848.

### A. Failure to Diagnose

In a memorandum and order dated March 11, 1994, the court granted in part and denied in part the motion of defendant Dr. Welch for partial summary judgment. Based on the evidence presented by the motion papers, the court concluded that plaintiff had not met her burden to produce evidence sufficient to support certain theories of recovery asserted in the pretrial order. As a result, the court prohibited plaintiff from continued pursuit of a claim against Dr. Welch on the theory of a failure to diagnose RSD.

 Plaintiff argues that the court erred when it prevented Dr. Michael Stanton–Hicks from testifying that Dr. Welch fell below the acceptable standard of care in failing to diagnose plaintiff's RSD. Plaintiff argues that Dr. Stanton–Hicks' corrected deposition, which was before the court in its

1. The court denies plaintiff's request for oral argument (Doc. # 113). The court does not believe that oral argument would materially assist it in analyzing and ruling on the issue of the application of the loss of chance doctrine to plaintiff's claims.

consideration of Dr. Welch's summary judgment motion, establishes that Dr. Welch breached a duty of care owed to plaintiff by failing to diagnose, and that plaintiff's theory was properly supported by the record.[2] First, the court finds that Dr. Stanton–Hicks' testimony did not sufficiently support a failure to diagnose on the part of Dr. Welch to withstand summary judgment on the issue. Second, and perhaps even more importantly for our purposes here, the court finds that plaintiff was not prejudiced by what plaintiff perceives as limitations upon the expert's testimony at trial. Although he was not permitted to use the word "diagnose" Dr. Stanton–Hicks was, in effect, permitted to testify in full as to his opinions regarding Dr. Welch's alleged departures from the acceptable standard of care, and any limits imposed did not substantively affect his testimony.

■ As to plaintiff's plea to reconsider the weight given to Dr. Stanton–Hicks' corrected deposition testimony, the court stands by its previous rulings. It is the court's belief that a plaintiff is not permitted to virtually rewrite portions of a deposition, particularly after the defendant has filed a summary judgment motion, simply by invoking the benefits of Rule 30(e). As the court stated in its previous order, a deposition is not a "take home examination" and an 'errata sheet' will not eradicate the import of previous testimony taken under oath. *See Greenway v. International Paper Co.,* 144 F.R.D. 322, 325 (W.D.La.1992).

In his original deposition testimony, plaintiff's expert stated unequivocally, without qualification or limitation, that Dr. Welch did not breach a duty of care by failing to diagnose. The court will not disregard such testimony. The court is unsympathetic to plaintiff's cry that her expert did not have the benefit of plaintiff's full deposition testimony before he expressed unqualified opinions. It was plaintiff's responsibility to ensure that her expert was fully prepared and informed *before* the expert provided unwavering testimony on the issue of breach of duty to diagnose. The court finds, once again, that plaintiff produced insufficient evidence to withstand a motion for summary judgment on the issue of whether Dr. Welch breached a duty to diagnose plaintiff's RSD.

■ In addition, the court finds that plaintiff was not unfairly prejudiced by the removal of the theory of a failure to diagnose from its case. When all was said and done, when all the evidence was before the jury, it became clear that plaintiff's theory of a failure to diagnose overlapped other theories of recovery. In particular, plaintiff's theory that the defendant failed to care for and treat plaintiff's RSD overlapped a failure to "diagnose." The evidence necessary to prove a failure to care for and treat was the same evidence which would necessarily indicate a failure to diagnose. What seemed at the summary judgment stage to be a ruling precluding an entire theory of recovery ultimately became a proscription of Dr. Stanton–Hick's particular use of the word "diagnose" in his description of what he believed to be the errors in Dr. Welch's treatment of plaintiff.

The substance of plaintiff's expert's testimony was not limited by the court's proscription of the use of the word "diagnose". The distinction between a failure to "diagnose" and a failure to care for and properly treat plaintiff's condition, in the end, was purely semantic. The absence of the appearance of plaintiff's theory of a failure to diagnose in the instructions was of minimal consequence to plaintiff's overall presentation of her case. The court finds that plaintiff was not unfairly prejudiced, nor even adversely affected, by the court's orders regarding the issue of Dr. Welch's alleged failure to diagnose.

### B. Insurance Issue & Disclosure of Second Defendant

■ Plaintiff argues that Dr. Bigler, while testifying as a witness for Dr. Welch at trial, purposefully made reference to medical malpractice insurance in order to "inflame the jury." Plaintiff argues that his comment, coupled with the fact that at least one juror

---

**2.** The court has already reviewed once its prior order and rejected plaintiff's argument on this issue. Plaintiff filed a motion for reconsideration and argued its position before the court prior to trial. The court denied plaintiff's motion at that time.

expressed some dismay about plaintiffs who bring malpractice claims asking for "too much money," was particularly prejudicial to plaintiff and is grounds for a new trial. This court disagrees.

The court does not find that either Dr. Bigler or defendant's counsel intentionally attempted to "inflame" the jury, but rather it perceived the witness' comment[3] as a careless, stray remark. Even if one could infer some disdain from his tone and manner (which the court did not), his comment was brief and the words themselves neutral; he did not issue a diatribe on the excessive cost of medical malpractice insurance. Because of the nature of his remark, i.e., simply mentioning the reality of medical malpractice insurance, the court does not find its making inherently prejudicial to plaintiff. Indeed, it could be perceived as adverse to defendant in that it would expose the fact that Dr. Welch, as a private practitioner, would have and be required to have insurance which would cover any judgment resulting from plaintiff's claims just as Dr. Bigler had once been so required. Thus, the court is simply not persuaded that the "injection of insurance" into the case was prejudicial to plaintiff. It certainly was not grounds for a mistrial and is not now grounds for a new trial.[4]

The court also rejects plaintiff's contention that the mentioning of social security benefits, coupled with "disclosure" of Dr. Bigler as a former defendant, was inherently prejudicial to plaintiff. For one, any mention of social security disability benefits by the defendant was extremely short in duration and came during the voir dire portion of the trial. The court fails to see how this adversely affected plaintiff.

Second, the "disclosure" of Dr. Bigler as a former defendant, came, if at all, by way of a piece of demonstrative evidence which held the caption of this case before Dr. Bigler was dismissed. Neither defendant's counsel, nor *counsel for plaintiff,* noticed the caption before it was shown to the jury. It was plaintiff's responsibility to carefully examine the exhibit before it was displayed. She cannot now complain that the parties failed to redact the caption. Moreover, the exhibit was shown to the jury only for a short time and was never entered into evidence. It is mere speculation whether a juror even noticed the presence of Dr. Bigler as a defendant.

More importantly, even if a juror did notice that Dr. Bigler had been a defendant at one time, it is impossible to say whether such information weighs in favor of plaintiff or defendant. The fact that Dr. Bigler was a defendant was properly kept out of the case because it was irrelevant to the issues to be decided, not because it was prejudicial to plaintiff. While a juror could hold such a dismissal against plaintiff, a juror could just as easily speculate that there was a settlement in plaintiff's favor lending credibility to a liability claim against Dr. Welch as well. Thus, the court finds that the disclosure of Dr. Bigler as a former defendant was not prejudicial to plaintiff and is not grounds for a new trial.

### C. Loss of Chance

Plaintiff's last argument is that the court improperly refused to instruct the jury on the "loss of chance doctrine." Plaintiff cites in support of her motion a Kansas Supreme Court opinion, issued after the trial of her case, which holds that the loss of chance doctrine applies to medical malpractice actions and is not limited to wrongful death cases. *See Delaney v. Cade,* 255 Kan. 199, 873 P.2d 175 (Kan.1994). It is irrelevant that the Kansas Supreme Court has now definitively accepted the theory of loss of chance as applicable in medical malpractice actions. The court did not deny plaintiff's request for the instruction because Kansas had not adopted the doctrine. The court refused to give the instruction because "loss

---

3. In essence, Dr. Bigler's comment was that as a result of leaving private practice and taking a governmental position he no longer had to pay for medical malpractice insurance.

4. The fact that some jurors expressed concern in voir dire that "some plaintiffs" seek "too much money" does not help plaintiff's cause. The court found that these jurors would be able to fairly decide the case based on the evidence presented. Counsel for plaintiff had an opportunity to strike these witnesses if he so desired, but chose not to.

of chance" was not properly an issue in the case as those issues were framed in the pretrial order.[5] A court has discretion to exclude those issues and claims not set forth in the pretrial order. Fed.R.Civ.P. 16; *Perry v. Winspur,* 782 F.2d 893, 894 (10th Cir. 1986) ("It is well established that unless the court modified its pretrial order, the parties are bound to its contents and may not contradict its terms."); *Hullman v. Board of Trustees of Pratt Community College,* 732 F.Supp. 91, 92 (D.Kan.1990), *aff'd,* 950 F.2d 665 (10th Cir.1991). Thus, the court finds that its refusal to include the instruction was not erroneous and is not a valid basis upon which to grant a new trial or to grant plaintiff relief from judgment in favor of defendant.

### CONCLUSION

The court finds that it did not commit prejudicial error in the trial of this case. The plaintiff had a full and fair opportunity to present her theories to the jury. It simply did not accept them. There is no basis for this court to provide her another opportunity.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's motion for a new trial (Doc. # 108) is denied.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend its motion for a new trial or in the alternative for relief from judgment pursuant to Rule 60(b)(6) (Doc. # 111) is denied.

**IT IS FURTHER ORDERED** that plaintiff's motion for oral argument (Doc. # 113) is denied.

**IT IS SO ORDERED.**

---

**5.** Moreover, the court does not believe this was an appropriate case for a "loss of chance" instruction. The testimony at trial of plaintiff's expert regarding causation was sufficient to establish plaintiff's claim that if Dr. Welch had treated her properly or referred her in a timely manner to a specialist, Mrs. Rios would probably have recovered. *See Delaney,* 873 P.2d at 178 ("In essence, the [loss of chance] theory comes into play when the traditional probability standard of causation is not met.").