Riley R. **FOUTZ**, Plaintiff,

v.

The **TOWN OF VINTON, VIRGINIA** and the Members of the Vinton Town Council and the Town Attorney Individually and in Their Official Capacities, **Charles R. Hill**, Mayor, **Robert R. Altice**, Vice-Mayor, **Donald L. Davis, Roy G. McCarty, Jr., William E. Obenchain, Jr., William L. Heartwell, III**, the Vinton Town Manager, **B. Clayton Goodman, III**

No. 7:00–CV–00337.

United States District Court,
W.D. Virginia,
Roanoke Division.

Feb. 1, 2002.

Philip Cutchin Coulter, Coulter & Coulter, Roanoke, VA, for Plaintiff.

Agnis Chandra Chakravorty, Woods, Rogers & Hazlegrove, PLC, Roanoke, VA, Jim H. Guynn, Jr., Guynn & Memmer, PC, Roanoke, VA, for Defendants.

Simon Delano Roberts Moore, Mary Beth Nash, Gentry, Locke, Rakes & Moore, Roanoke, VA, for William L. Heartwell, III.

## MEMORANDUM OPINION

TURK, District Judge.

This matter is before the Court on Defendants the Town of Vinton, the Members of the Town of Vinton Town Council, Charles R. Hill, Robert R. Altice, Donald L. Davis, Roy G. McCarty, Jr., William E. Obenchain, Jr., the Town Manager, B. Clayton Goodman, III, and the Vinton Town Attorney William Heartwell (collectively "defendants") Motion To Suppress and Nullify plaintiff Riley R. Foutz's ("Foutz") proposed changes to his deposition testimony. Plaintiff responded to Defendant's motion and the Court heard oral arguments on January 25, 2002. Upon consideration of the record, the arguments of counsel, and the applicable law, the Court will permit the proposed changes to be filed.

## I. Background

Defendants deposed Foutz on October 8 and 9, 2001. Upon conclusion, Foutz chose to read and sign his deposition. On or about October 30, 2001, the deposition transcript was forwarded to Foutz. The deposition contained 235 pages of testimony. By letter dated November 21, 2001, Foutz, through his counsel, submitted his proposed changes to the court reporter. Included were 19 pages of proposed changes to alleged "Form and Substance."

■ Defendants filed a Motion To Suppress and Nullify Foutz's proposed changes to his deposition testimony. Defendants argue that the changes proposed by Foutz exceed the bounds permitted by Rule 30(e) of the Federal Ruled of Civil Procedure. Defendants' concerns with the proposed changes are: (1) that the changes alter testimony provided under oath; (2) that some of the changes contain counsel's arguments and nothing more; and (3) that for other changes there is no reason provided for the need to change the testimony as required under FRCP 30(e).

Foutz, on the other hand, argues that the proposed changes were submitted in accordance with FRCP 30(e) and were additions, clarifications or amplifications that did not "change" the answers given in the sense of substituting different responses.

## II. Applicable Law

Federal Rule of Civil Procedure 30(e), as amended in 1993, explains when and how a deponent may alter his deposition testimony:

If requested by the deponent or a party before completion of the deposition, the deponent shall have 30 days after being notified by the officer that the transcript or recording is available in which to review the transcript or recording and, if there are changes in form or substance, to sign a statement reciting such changes and the reasons given by the deponent for making them.

Most courts agree that the deponent can and should change all necessary form and transcription errors. However, federal courts are split on the scope of substantive

changes permitted under Rule 30(e). In one line of cases, courts interpret FRCP 30(e) broadly and do not limit the types of changes a witness is allowed to make. *See e.g. Hawthorne Partners v. AT & T Technologies, Inc.*, 831 F.Supp. 1398, 1406 (N.D.Ill.1993)(explaining that a witness can make changes that contradict the original answers in his deposition); *Holland v. Cedar Creek Mining, Inc.* 198 F.R.D. 651, 653 (S.D.W.Va.2001) (construing Rule 30(e) broadly to permit substantive changes to deposition testimony); *United States ex. rel Barbara Burch v. Piqua Engineering*, 152 F.R.D. 565, 566–67 (S.D.Ohio 1993) (holding that under FRCP 30(e) "changed deposition answers of any sort are permissible, even those which are contradictory or unconvincing, as long as the procedural requirements set forth in the Rule are also followed"); *Podell v. Citicorp Diners Club, Inc.*, 914 F.Supp. 1025, 1034 (S.D.N.Y.1996)(explaining that "Rule 30(e) allows a deponent to make changes in his deposition 'even if the changes contradict the original answers or even if the deponent's reasons for making the changes are unconvincing,' ") quoting *Lugtig v. Thomas*, 89 F.R.D. 639, 641 (N.D.Ill.1981).

Generally, courts adopting this position point to the rule's language and to the fact that the other party can admit into evidence both the original and corrected answers; by which then a witness may be impeached with his contradictory answers. *See Usiak v. New York Tank Barge Company*, 299 F.2d 808, 809 (2nd Cir.1962). However, "[t]here is no apparent reason why the witness who changes his mind between the giving of the deposition and its transcription should stand in any better case." *Holland*, 198 F.R.D. at 653 quoting 5 Wright & Miller, Federal Practice and Procedure, § 2118. In addition, a court may "reopen a deposition to allow for further cross-examination of the deponent if the changes to the transcript are so substantial as to effectively render it 'incomplete or useless without further testimony.' " *Hlinko v. Virgin Atlantic Airways*, 1997 WL 68563, *1 (S.D.N.Y.) quoting *Allen & Co. v. Occidental Petroleum Corp.*, 49 F.R.D. 337, 340 (S.D.N.Y.1970). The Court finds this line of cases well-reasoned and persuasive.

On the other hand, some courts have stricken changes that have altered the substance of testimony given under oath. *See Greenway v. International Paper Co.*, 144 F.R.D. 322 (W.D.La.1992); *Rios v. Welch*, 856 F.Supp. 1499, (D.Kan.1994) (holding that "a plaintiff is not permitted to virtually re-write portions of a deposition, particularly after the defendant has filed a summary judgment motion, simply by invoking the benefits of Rule 30(e).") In *Greenway*, the Court refused to allow the plaintiff to make sixty-four changes to his deposition transcript, explaining

> The purpose of Rule 30(e) is obvious. Should the reporter make a substantive error, i.e. he reported "yes" but I said "no," or a formal error, i.e. he reported the name to be "Lawrence Smith" but the proper name is "Laurence Smith," then the corrections by the deponent would be in order. The Rule cannot be interpreted to allow one to alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all and then return home and plan artful responses. Depositions differ from interrogatories in that regard. A deposition is not a take home examination. 144 F.R.D. at 325.

There is no question that Foutz has made changes that have altered the substance of his prior testimony which was given under oath. However, the Court believes that the better reasoned decisions interpret FRCP 30(e) broadly as to allow proposed deposition changes to be admitted into evidence. Because Foutz should "not stand in any better case" between the giving of his deposition testimony and its transcription, and the changes he proposes are so substantive, the deposition must be reopened to give the defendants the opportunity to impeach Foutz with his contradictory answers.

■ Finally, defendants argue that Foutz' proposed changes should be excluded because he does not comply with the technical requirements of Rule 30(e), that changes must be accompanied by "the reasons given by a deponent for making them." At the beginning of his proposed changes, Foutz stated that, "[t]he reasons given for making

the changes, amplifications or additions is to correct typographical errors and provide the Defendants with more thorough and complete information on the Plaintiff's position." Changes in Form or Substance Submitted by Riley R. Foutz to His Deposition at 1.

It is not necessary for the court to examine the sufficiency, reasonableness, or legitimacy of the reasons. *See Lugtig,* 89 F.R.D. at 642; *Colin v. Thompson,* 16 F.R.D. 194, 195 (W.D.Mo.1954) (stating that whether the deponent's "reasons are good or not will not impair his right to make the changes"). The Court believes that Foutz' reasons for making the changes to his previous testimony are adequate, thus surviving the Rule 30(e) requirement.