John Gregory REILLY, Plaintiff,

v.

TXU CORP. and TXU Business Services Company, Defendants.

Civil Action No. 3:05–CV–0081–R.

United States District Court,
N.D. Texas,
Dallas Division.

Aug. 15, 2005.

Hal K. Gillespie, Karla S. Jackson, Gillespie Rozen Watsky Motley & Jones, Dallas, TX, for Plaintiff.

Paul W. Bowen, W. Stephen Cockerham, Hunton & Williams, Dallas, TX, for Defendants.

## ORDER

RAMIREZ, District Judge.

Pursuant to the District Court's *Scheduling Order*, filed February 10, 2005, all pleading and discovery disputes and other non-dispositive motions are automatically referred to the undersigned U.S. Magistrate Judge for disposition. Before the Court is *Pleading/Discovery Dispute No. 1—Defendants' Objections to and Motion to Strike Plaintiff's Deposition Corrections*, filed June 2, 2005. Also before the Court is *Plaintiff's Response to Pleading/Discovery Dispute No. 1—Defendants' Objections to and Motion to Strike Plaintiff's Deposition Corrections*, filed June, 2005. A hearing was held on the record on June 15, 2005. After consideration of the pleadings, evidence, oral argument, and applicable law, the Court determines that the motion should be, and it is hereby, **DENIED**, in part, and **GRANTED**, in part.

## I. BACKGROUND

John Gregory Reilly ("Plaintiff") brought suit against TXU Corporation and TXU Business Services Company ("Defendants") on January 12, 2005, alleging race discrimination and retaliation pursuant to 42 U.S.C. § 1981. (Mot. at 2.) The Court entered its *Scheduling Order* on February 10, 2005, setting the discovery deadline and the deadline for Defendants to submit their motion for summary judgment as June 10, 2005. *Id.* Defendants deposed Plaintiff on April 6, 2005. *Id.* Plaintiff was represented by his counsel of record at the deposition. *Id.* The deposition was administered and recorded by an officer authorized to administer oaths pursuant to Fed.R.Civ.P. 28(a). *Id.* At Plaintiff's request, the court reporter mailed the original deposition transcript to Plaintiff for review on April 20, 2005. (Resp. at 1.) Plaintiff signed his deposition and an errata sheet amending his deposition testimony pursuant to Fed.R.Civ.P. 30(e) on May 18, 2005. (Mot. at 2.) Plaintiff's errata sheet contained 111 changes to his deposition. (App. to Mot. at 4–10.) Plaintiff gave "typographical" as the reason for 4 of the changes and "clarification" as the reason for the remaining 107 changes. *Id.* While some of the changes corrected typographical and transcriptional

errors, other changes more substantively altered the original deposition testimony. For example, in more than one instance, Plaintiff changed a "no" response to a "yes" response. *Id.* On May 23, 2005, Plaintiff mailed a copy of the errata sheet to Defendants and mailed the original deposition transcript and errata sheet to the court reporter. (Resp. at 1.) Defendants filed the instant motion to strike Plaintiff's deposition corrections on June 2, 2005. Plaintiff filed his response to Defendants' motion on June 13, 2005.

## II. ANALYSIS

Defendants seek to strike Plaintiff's deposition corrections, claiming that the changes constitute an "impermissible abuse" of Federal Rule of Civil Procedure 30(e) because they contradict, change, and add to Plaintiff's previous testimony. (Mot. at 1.) Furthermore, Defendants contend that Plaintiff made such changes in order to create issues of fact and avoid an unfavorable summary judgment ruling. (Mot. at 11.) Plaintiff acknowledges that he made changes of form or substance to his deposition. (Resp. at 2.) However, he argues that Rule 30(e) allows such changes, "especially in cases where the changes are made before any party files a dispositive motion, as in this case." *Id.*

Federal Rule of Civil Procedure 30(e) states:

> If requested by the deponent or a party before completion of the deposition, the deponent shall have 30 days after being notified by the officer that the transcript or recording is available in which to review the transcript or recording and, if there are changes in form or substance, to sign a statement reciting such changes and the reasons given by the deponent for making them. The officer shall indicate in the certificate prescribed by subdivision (f)(1) whether any review was requested and, if so, shall append any changes made by the deponent during the period allowed.

Fed.R.Civ.P. 30(e). The language of the Rule places only two restrictions on changes to a deposition: 1) the changes must be made within 30 days after notification that the transcript is available for review, and 2) the deponent must give reasons for changes "in form or substance." Defendants do not dispute the timeliness of Plaintiff's corrections, nor contend that Plaintiff failed to give reasons for his changes. Instead, Defendants argue that courts have interpreted Rule 30(e) as setting implicit limits on the scope of corrections authorized under the rule. (Mot. at 2.)

The Fifth Circuit has not addressed the scope of permissible substantive corrections to a deposition under Rule 30(e). Other circuit courts and federal district courts, including courts within the Fifth Circuit, have varied in their approaches to allowing deposition corrections pursuant to Rule 30(e). The Court addresses these various approaches in turn.

### A. Narrow Reading of Rule 30(e)

Defendants urge the Court to follow the line of cases which interpret Rule 30(e) narrowly to limit permissible changes to a deposition in the interest of preventing abuse.

The case cited most frequently as advocating a narrow interpretation of Rule 30(e), and the one upon which Defendants rely, is *Greenway v. Int'l Paper Co.,* 144 F.R.D. 322 (W.D.La.1992). In *Greenway,* the plaintiff made 64 changes to her deposition, including, as in this case, changing answers of "no" to "yes" and providing lengthy additions to other answers. *Id.* at 323–324. The defendants moved to suppress the changes on the basis that the changes "exceeded the bounds permitted by Federal Rule of Civil Procedure 30(e)." *Id.* at 323. The *Greenway* court held, without citation to any authority, that the obvious purpose of the Rule is to permit only the correction typographical and transcriptional errors. The *Greenway* court further stated:

> The Rule cannot be interpreted to allow one to alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all then return home and plan artful responses. Depositions differ from interrogatories in that regard. A deposition is not a take home examination.

*Id.* at 325. Because some of the plaintiff's changes did more than correct these types of errors, the court ordered all changes made to the plaintiff's deposition testimony deleted. *Id.*

The narrow interpretation of Rule 30(e) set forth in *Greenway* has been characterized as a recent trend, as well as a "growing minority view." *See Summerhouse v. HCA Health Serv.*, 216 F.R.D. 502, 505–06 (D.Kan.2003); *see also Elwell v. Conair, Inc.*, 145 F.Supp.2d 79, 86 (D.Me.2001) (noting defendant's characterization of *Greenway* as the " 'genesis' of the 'modern trend' "). This recent or minority view has been endorsed or adopted in at least three circuits. *See Hambleton Bros. Lumber Co. v. Balkin Enters., Inc.*, 397 F.3d 1217, 1224–25 (9th Cir.2005) (expressing agreement with narrow interpretation of Rule 30(e) and "hold[ing] that Rule 30(e) is to be used for corrective, and not contradictory, changes"); *Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1242 n.5 (10th Cir.2002) (quoting *Greenway* as best expressing the purpose and scope of Rule 30(e) with respect to material changes to deposition testimony); *Thorn v. Sundstrand Aerospace Corp.*, 207 F.3d 383, 389 (7th Cir.2000) (recognizing that while the language of the rule permits substantive changes to depositions, "a change of substance which actually contradicts the transcript is impermissible unless it can plausibly be represented as the correction of an error in transcription....").

### B. Sham Affidavit Analysis

Defendants alternatively urge this Court to find that Plaintiff's changes are "impermissible by analogy to the sham affidavit rule." [1] (Mot. at 12.) In support, Defendants cite cases from the Seventh, Ninth, and Tenth Circuits. *Id.* However, two of those cases, *Thorn v. Sundstrand Aerospace Corp.*, 207 F.3d 383 (7th Cir.2000) and *Burns v. Bd. of County Comm'rs of Jackson County*, 330 F.3d 1275 (10th Cir.2003), did not address motions to strike deposition changes; in each case, the trial court disregarded deposition changes in deciding a motion for summary judgment.

In *Thorn*, the Seventh Circuit held that "by analogy to the cases which hold that a subsequent affidavit may not be used to contradict the witness's deposition ... a change of substance which actually contradicts the transcript is impermissible unless it can plausibly be represented as the correction of an error in transcription[.]" 207 F.3d at 389 (citations omitted). On this basis, the Seventh Circuit found that the trial court properly disregarded deposition corrections in deciding a motion for summary judgment. *Id.*

The Tenth Circuit in *Burns* reached the same conclusion in a case in which the plaintiff's deposition corrections were characterized as an attempt " 'to rewrite portions of his deposition.' " 330 F.3d at 1281. Finding no distinction between "sham" affidavit alterations and impermissible changes to a deposition in an errata sheet, the Tenth Circuit held that the plaintiff's deposition corrections must be evaluated under its "sham" affidavit analysis in *Franks v. Nimmo*.[2] *Id.* at 1282. Because the plaintiff was cross-examined at his deposition, the changes "were not based on newly discovered evidence[,]" and the plaintiff's testimony did not "reflect any obvious confusion" that would necessitate changes for clarification purposes, the Tenth Circuit found that the trial court properly disregarded those changes. *Id.*

In the Ninth Circuit case cited by Defendants, *Hambleton Bros. Lumber Co. v. Balkin Enterprises, Inc.*, 397 F.3d 1217 (9th Cir.2005), the lower court addressed a motion to strike deposition changes made after a summary judgment motion had been filed. The plaintiff in *Hambleton* had submitted untimely corrections to his deposition after one of the defendants filed a motion for summary judgment; that defendant was implicated for the first time by a number of those corrections. *Id.* at 1223, 1225. The Ninth Circuit affirmed the lower court's granting of the motion to strike, finding that

---

1. In *Hambleton*, 397 F.3d at 1225, the Ninth Circuit described its "sham" affidavit rule as stating that " 'a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony.' " *Id.* (quoting *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir.1991)).

2. In *Franks v. Nimmo*, 796 F.2d 1230, 1237 (10th Cir.1986), the Tenth Circuit enumerated three

factors to be considered in determining whether an affidavit was a "sham affidavit": "[1] whether the affiant was cross-examined during his earlier testimony; [2] whether the affiant had access to the pertinent evidence at the time of his earlier testimony or whether the affidavit was based on newly discovered evidence, and [3] whether the earlier testimony reflects confusion which the affidavit attempts to explain."

the plaintiff's changes were "akin to a sham affidavit," and that the rule does not permit "changes offered solely to create a material factual dispute in a tactical attempt to evade an unfavorable summary judgment." *Id.* at 1225 (citing *Combs v. Rockwell Int'l Corp.,* 927 F.2d 486, 488–89 (9th Cir.1991)).

The sham affidavit analysis has been applied by district courts in other circuits. *See Reynolds v. Int'l Bus. Machs. Corp.,* 320 F.Supp.2d 1290, 1300–01 (M.D.Fla.2004) (disregarding deposition changes in determining a motion for summary judgment because the "deposition [did] not reflect any obvious confusion that would justify" the changes, and thus did not satisfy the third factor of the *Franks* sham affidavit analysis); *Wigg v. Sioux Falls Sch. Dist.,* 274 F.Supp.2d 1084, 1090 (D.S.D.2003) (striking deposition changes asserting damages for the first time after defendant filed a motion to strike a jury demand based on plaintiff's original deposition responses denying the existence of damages, finding "the analogy made to the 'sham affidavit' cases to be an apt one" and applying the *Franks* analysis), *rev'd in part on other grounds,* 382 F.3d 807 (8th Cir.2004).

## C. Broad Reading of Rule 30(e)

Plaintiff, on the other hand, asks the Court to follow the cases which interpret Rule 30(e) broadly and allow all changes to a deposition. (Resp. at 2.) The principal case, one of many cited by Plaintiff, is *Lugtig v. Thomas,* 89 F.R.D. 639 (N.D.Ill.1981). In *Lugtig,* the deponent, after consulting with counsel, made 69 substantive changes in his deposition transcript. *Id.* at 641. Those alterations included substituting a "yes" answer for "no" and vice-versa. *Id.* The *Lugtig* court observed that Rule 30(e) specifically authorizes changes to the form or substance of a deposition without placing any limits on such changes or requiring that a judge "examine the sufficiency, reasonableness, or legitimacy of the reasons for the changes." *Id.* (citing *Allen & Co. v. Occidental Petroleum Corp.,* 49 F.R.D. 337, 340 (S.D.N.Y.1970)). Based on this reading of Rule 30(e) and other authority, the *Lugtig* court found that a deponent could make changes that contradict the original answers given, even if those changes are not supported by convincing explanations, as long as the deponent complies with

the instructions provided within the rule itself for making such changes. *Lugtig,* 89 F.R.D. at 641 (citing *Allen & Co.,* 49 F.R.D. 337; *Colin v. Thompson,* 16 F.R.D. 194 (W.D.Mo.1954); 4A MOORE'S FEDERAL PRACTICE, ¶ 30.62; Wright & Miller, FEDERAL PRACTICE AND PROCEDURE, § 2118). Allowing changes to a deposition prior to trial, the court explained, "eliminates the likelihood of deviations from the original deposition in his testimony at trial; reducing surprises at the trial through the use of Rule 30(e) is an efficient procedure." *Lugtig,* 89 F.R.D. at 641.

The broad view espoused by the *Lugtig* court has been characterized as the traditional or majority view. *See Summerhouse v. HCA Health Services of Kansas,* 216 F.R.D. 502, 504–05 (D.Kan.2003) (noting that "the language describing the breadth of permitted changes has remained essentially unaltered since adoption of the Federal Rules of Civil Procedure in 1937"). As in *Lugtig,* courts following the traditional broad view have specifically rejected a narrow interpretation of the Rule as being inconsistent with the plain language of the Rule itself. *See Podell v. Citicorp Diners Club, Inc.,* 112 F.3d 98, 103 (2d Cir.1997) (holding that Circuit held that the language of Rule 30(e) does not place limitations on the types of changes that a witness may submit, even where such changes materially alter deposition testimony); *Foutz v. Town of Vinton,* 211 F.R.D. 293, 295 (W.D.Va.2002) (rejecting *Greenway's* reasoning and stating that Rule 30(e) should be interpreted "broadly as to allow proposed deposition changes to be admitted into evidence"); *DeLoach v. Philip Morris Cos., Inc.,* 206 F.R.D. 568, 573 (M.D.N.C.2002) (rejecting defendants' reading of Rule 30(e), which would strike all but typographical errors, as too narrow); *Holland v. Cedar Creek Mining, Inc.,* 198 F.R.D. 651, 653 (S.D.W.Va. 2001) (noting that some authority questions the scope of allowable changes, but finding that the rule itself does not limit substantive changes); *Elwell v. Conair, Inc.,* 145 F.Supp.2d 79, 87 (D.Me.2001) (rejecting the narrow interpretation of Rule 30(e) in *Greenway* and allowing changes in the context of a pretrial motion to strike); *Tingley Sys., Inc. v. CSC Consulting, Inc.,* 152 F.Supp.2d 95,

120 (D.Mass.2001) (stating that "the express language of Rule 30(e) allows a deponent to change the substance of his answers"); *Titanium Metals Corp. v. Elkem Mgmt., Inc.,* 191 F.R.D. 468, 472 (W.D.Pa.1998) (declining to strike deposition changes as an improper material alteration, but ordering that original answers remain a part of the record along with the changes); *Innovative Mktg. & Tech., L.L.C. v. Norm Thompson Outfitters, Inc.,* 171 F.R.D. 203, 205 (W.D.Tex.1997) (holding that the defendants' reading of Rule 30(e), which would strike all but typographical errors, was too narrow); *Sanford v. CBS, Inc.,* 594 F.Supp. 713, 714 (N.D.Ill.1984) (following *Lugtig* and reading Rule 30(e) as allowing any changes).

The *Lugtig* court noted the availability of two safeguards to prevent abuse of Rule 30(e). First, "the original answer to the deposition questions will remain part of the record and can be read at trial." 89 F.R.D. at 641 (citations omitted). Such a remedy reduces the likelihood of abuse, the *Lugtig* court opined, because the deponent knows that "the original answers as well as the changes and the reasons will be subject to examination by the trier of fact." *Id.* at 642. Second, "if changes made in the deposition pursuant to Rule 30(e) make the deposition incomplete or useless without further testimony, the party who took the deposition can reopen the examination." *Id.* (citing *Allen & Co.,* 49 F.R.D. 337; *Colin,* 16 F.R.D. 194). In determining that reopening the deposition was appropriate, the *Lugtig* court looked at the number and type of changes made by the deponent. *Id.* (citing *Allen & Co.,* 49 F.R.D. 337). The *Lugtig* court stated that at the reopening, deposing counsel could ask questions following up on the changes and inquire about the origin and reasons for the changes. *Id.* The party making the changes, the *Lugtig* court held, would bear the costs of reopening the deposition. *Id.*

Courts espousing the broader reading of Rule 30(e) ordinarily implement one or both two of the safeguards discussed in *Lugtig,* provided that all other procedural requirements of Rule 30(e) have been met. *See Foutz,* 211 F.R.D. at 295 (stating that the original and corrected answers may be admitted into evidence and reopening the deposition to allow the deponent to be impeached

with his contradictory answers); *Elwell,* 145 F.Supp.2d at 87 (declining to strike deposition changes and stating that the presence of the original answers at trial would allow jurors "to discern the artful nature of the changes. . . ."); *Tingley,* 152 F.Supp.2d at 121 (finding that the 22 corrections cited by the movant altered the answers in a manner that warranted reopening of the deposition); *Podell,* 112 F.3d at 103 (holding that the record must include both the original and altered responses); *Sanford,* 594 F.Supp. at 715 (following *Lugtig* and ordering that the original and changed answer, as well the reason for the change, remain in the record, and reopening the deposition).

## D. Conclusion

■ After thorough consideration of the different approaches courts have used in considering motions to strike substantive deposition changes, the Court is persuaded by the reasoning of the cases applying a broad interpretation of Rule 30(e). This interpretation, unlike the narrow interpretation, is consistent with the plain language of the Rule which expressly contemplates "changes in form or substance" accompanied by a signed statement reciting the reasons for the changes. *See* FED.R.CIV.P. 30(e). As written, the Rule makes provision for changes in substance that are made for legitimate reasons, such as to correct a misstatement or honest mistake. This furthers the purpose of the discovery process—to allow the parties to elicit the true facts of a case before trial. In contrast, the narrow view prohibits all substantive changes, including corrective changes. While the Court wholly agrees that a deposition should not be "a take home examination," *Greenway,* 144 F.R.D. at 325, the broad approach allows for legitimate corrective changes while implementing adequate safeguards to prevent abuse, including maintaining a record of the changes and the stated reasons therefore, reopening the deposition, and assessing the costs of additional discovery necessitated by the substantive changes against the deponent.

With regard to the sham affidavit analysis, the Court notes that the cases cited by Defendants were all decided in the context of a

court's determination of a summary judgment motion. According to at least one court, this fact "does suggest that Rule 30(e) changes only face a heightened standard of review if they have the potential to affect summary judgment." *Summerhouse*, 216 F.R.D. at 508 [3]; *see also Banks v. Office of Senate Sergeant–at–Arms*, 222 F.R.D. 7, 9 (D.D.C.,2004) ("If a motion for summary judgment has been filed, the witness's modifying what she said can so disrupt the movant's legal arguments that courts may hesitate to permit the change despite the literal command of Rule 30(e) that it be permitted.") (citations omitted). Because no summary judgment motion is currently pending, applicability of those cases to the instant matter is questionable.

Applying the broad interpretation of Rule 30(e) to the instant matter, the Court has reviewed the changes to Plaintiff's deposition of which Defendants complain.[4] For example, when asked at the deposition whether Plaintiff had a problem with the interview process, he replied "[n]o, I had no problem with the first two interviews, the two interviews I had." (Mot. at 11, citing App. to Mot. at 24–25.) His errata sheet seeks to replace that response with " 'A problem I have with the interview process is that based on the documents produced by the Company, it does not appear that the same interview process criteria or procedures were applied to evaluate all the candidates consistently.' " (Mot. at 11, citing App. to Mot. at 7.) Another example Defendants cite is Plaintiff's alteration to his response to the following question: "[a]nd to be clear, you didn't have anybody, any coworkers or any other TXU employees come to you after that position was filled by Ms. Clunis and say to you, I thought you were better qualified than her." (Mot. at 7; App. to Mot. at 14.) Plaintiff responded "No. The interview process should have been confidential. They wouldn't have known who

was interviewing for it." *Id.* Plaintiff altered his response to add " '[h]owever, Paul Dickens and Max Brewington did say, "we are going to hire Greg." ' " (Mot. at 11, citing App. to Mot. at 5.)

Changes such as those examples cited above unquestionably alter Plaintiff's deposition testimony in substantive and even contradictory respects. However, because the Court is applying the broad interpretation of Rule 30(e), the Court declines to strike such changes. Instead, in light of the number and significance of Plaintiff's changes, the Court finds that reopening the deposition is an appropriate remedy. *See Tingley*, 152 F.Supp.2d at 121 (finding that 22 corrections was significant enough to warrant reopening a deposition); *Lugtig*, 89 F.R.D. at 642 (finding that reopening the deposition is appropriate when the deponent has made significant changes that render a deposition incomplete or useless without further testimony).

Consistent with the case law on point, the reopening should be limited in scope. Defendants may inquire about the reasons for the changes and the source of the changes, such as whether they came from Plaintiff himself or his counsel. *See Lugtig*, 89 F.R.D. at 642; *Sanford*, 594 F.Supp. at 715; *Tingley*, 152 F.Supp.2d at 121. In addition, Defendants may also ask follow-up questions to the changed responses. Plaintiff, as the party making the 111 changes, will be responsible for costs and attorney's fees. *See Lugtig*, 89 F.R.D. at 642; *Sanford*, 594 F.Supp. at 715. After the deposition, Defendants may submit an application for reasonable attorney's fees.

In addition, Defendants may, at the summary judgment stage, re-urge their motion to strike based on the line of cases applying the sham affidavit analysis. A clear record of the reasons for Plaintiff's changes may assist the parties and the Court in evaluating

---

**3.** However, the same court also noted the fallibility of limiting heightened review of deposition changes to the summary judgment stage:

[a] clever party could review a deposition for weaknesses, and then correct those weaknesses with an eye toward precluding an unfavorable summary judgment, so long as no such motion has yet been filed ... anyone who can get their deposition changes in before the summary judgment motion gets filed will prevail.

216 F.R.D. at 508. The language of Rule 30(e) does not contemplate different standards of review of deposition changes at different stages of the proceedings. *Cf. id.* at 507.

**4.** While Defendant submitted the complete errata sheet, it only submitted the transcript portion for a representative sample of the 111 changes.

the applicability of the sham affidavit analysis. Further, if Plaintiff attempts to rely on any of his changes to defeat summary judgment, Defendants may use any inconsistencies in Plaintiff's testimony to challenge the motion for summary judgment. *Glenwood Farms, Inc. v. Ivey*, 229 F.R.D. 34, 35 (D.Me. 2005) (citing *Foutz*, 211 F.R.D. at 294–95).

## III. CONCLUSION

For the foregoing reasons, *Defendants' Motion to Strike Plaintiff's Deposition Changes* is **GRANTED**, in part and **DENIED**, in part. *Defendants' Motion to Strike Deposition Changes* in their entirety is **DENIED**. However, the deposition shall be re-opened for further questioning. It is therefore

**ORDERED** that Plaintiff's deposition shall be re-opened within 30 days from the date of this Order at a date, time, and place mutually convenient to the parties. The parties must notify the Court as to the chosen date, time, and place that the reopening is to occur. It is further

**ORDERED** that the deposition shall be re-opened for the limited purpose of inquiring into the deposition changes, the reasons for the changes, and where the changes originated, i.e., with Plaintiff or counsel. Follow-up questions to the changed answers will also be permitted. It is further

**ORDERED** that the costs of reopening the deposition shall be borne by Plaintiff as the party necessitating the re-opening. Defendants may file a fee application for reasonable attorney's fees after the deposition.

All relief not expressly awarded is hereby denied.

**SO ORDERED,** on this 15th day of August, 2005.