Window World of Baton Rouge, LLC v. Window World, Inc.; Window World of St. Louis, Inc. v. Window World, Inc., 2018 NCBC 78.

| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE SUPERIOR COURT DIVISION |
| WILKES COUNTY | 15 CVS 1 |

WINDOW WORLD OF BATON
ROUGE, LLC; WINDOW WORLD OF
DALLAS, LLC; WINDOW WORLD
OF TRI STATE AREA, LLC; and
JAMES W. ROLAND,

          Plaintiffs,

  v.

WINDOW WORLD, INC.; WINDOW
WORLD INTERNATIONAL, LLC;
and TAMMY WHITWORTH,

          Defendants.

**ORDER AND OPINION ON
PLAINTIFFS' 10.9 REQUEST TO
STRIKE PORTIONS OF DEFENDANT
WHITWORTH'S ERRATA SHEET**

| | |
|---|---|
| WILKES COUNTY | 15 CVS 2 |

WINDOW WORLD OF ST. LOUIS,
INC.; WINDOW WORLD OF
KANSAS CITY, INC.; WINDOW
WORLD OF SPRINGFIELD/PEORIA,
INC.; JAMES T. LOMAX III;
JONATHAN GILLETTE; B&E
INVESTORS, INC.; WINDOW
WORLD OF NORTH ATLANTA,
INC.; WINDOW WORLD OF
CENTRAL ALABAMA, INC.;
MICHAEL EDWARDS; MELISSA
EDWARDS; WINDOW WORLD OF
CENTRAL PA, LLC; ANGELL P.
WESNERFORD; KENNETH R.
FORD, JR.; WORLD OF WINDOWS
OF DENVER, LLC; RICK D. ROSE;
CHRISTINA M. ROSE; WINDOW
WORLD OF ROCKFORD, INC.;
WINDOW WORLD OF JOLIET, INC.;
SCOTT A. WILLIAMSON;
JENNIFER L. WILLIAMSON; BRIAN
C. HOPKINS; WINDOW WORLD OF

LEXINGTON, INC.; TOMMY R. JONES; JEREMY T. SHUMATE; WINDOW WORLD OF PHOENIX LLC; JAMES BALLARD; and TONI BALLARD,

           Plaintiffs,

v.

WINDOW WORLD, INC.; WINDOW WORLD INTERNATIONAL, LLC; and TAMMY WHITWORTH, individually and as trustee of the Tammy E. Whitworth Revocable Trust,

           Defendants.

1. **THIS MATTER** is before the Court upon Plaintiffs' Business Court Rule 10.9 Request (the "10.9 Request") submitted via email to the Court on July 12, 2018 concerning Plaintiffs' forecasted motion to strike Defendant Tammy Whitworth's ("Whitworth") signed errata sheet to her deposition transcript in the above-captioned cases.

2. Having considered the 10.9 Request, the parties' statements in support of and in opposition to the 10.9 Request, and the arguments of counsel at a telephone conference held on July 23, 2018 (the "July 23 Conference"), the Court hereby memorializes its oral rulings at the July 23 Conference, and, in the exercise of its discretion and for good cause shown, **DENIES** the 10.9 Request to strike Whitworth's errata sheet as provided below.

*Brooks, Pierce, McLendon, Humphrey & Leonard LLP, by Charles E. Coble, Robert J. King III, Benjamin R. Norman, Jeffrey E. Oleynik, and Andrew L. Rodenbough, and Keogh Cox & Wilson, Ltd., by Richard W. Wolff, John P. Wolff, III, and Virginia J. McLin, for Plaintiffs Window*

*World of Baton Rouge, LLC, Window World of Dallas, LLC, Window World of Tri State Area LLC, James W. Roland, Window World of St. Louis, Inc., Window World of Kansas City, Inc., Window World of Springfield/Peoria, Inc., James T. Lomax III, Jonathan Gillette, B&E Investors, Inc., Window World of North Atlanta, Inc., Window World of Central Alabama, Inc., Michael Edwards, Melissa Edwards, Window World of Central PA, LLC, Angell P. Wesnerford, Kenneth R. Ford, Jr., World of Windows of Denver, LLC, Rick D. Rose, Christina M. Rose, Window World of Rockford, Inc., Window World of Joliet, Inc., Scott A. Williamson, Jennifer L. Williamson, Brian C. Hopkins, Window World of Lexington, Inc., Tommy R. Jones, Jeremy T. Shumate, Window World of Phoenix LLC, James Ballard, and Toni Ballard.*

*Manning, Fulton & Skinner, P.A., by Michael T. Medford, Judson A. Welborn, Natalie M. Rice, and Jessica B. Vickers, and Laffey, Leitner & Goode LLC, by Mark M. Leitner, Joseph S. Goode, Jessica L. Farley, Sarah E. Thomas Pagels, and John W. Halpin, for Defendants Window World, Inc. and Window World International, LLC.*

*Bell, Davis & Pitt, P.A., by Andrew A. Freeman and Alan M. Ruley, for Defendant Tammy Whitworth.*

Bledsoe, Chief Judge.

## I.

## BACKGROUND

3. Plaintiffs' 10.9 Request seeks the Court's intervention to prevent a party deponent from making extensive, substantive corrections to her deposition testimony through the timely submission of a signed errata sheet setting forth those corrections and the reasons therefor under North Carolina Rule of Civil Procedure 30(e) ("Rule 30(e)").

4. Whitworth was deposed on September 27, 2017, and the court reporter transcribing the deposition provided Whitworth a copy of the deposition transcript shortly thereafter. Consistent with Rule 30(e), Whitworth was permitted thirty days

to read and make changes to her deposition testimony "in form or substance." By order dated November 3, 2017, the Court extended Whitworth's transcript review period through and including December 11, 2017 for good cause shown.

5.     On December 11, 2017, Whitworth submitted to Plaintiffs and the court reporter her signed errata sheet reflecting numerous changes to her deposition transcript and the reasons therefor (the "Errata Sheet"). Of particular relevance to this 10.9 Request, Whitworth made thirty-eight substantive changes to her deposition testimony on the signed Errata Sheet.

6.     On January 3, 2018, Plaintiffs' counsel advised Whitworth's counsel that they "d[id] not accept the[] changes" set forth in Whitworth's Errata Sheet. After additional correspondence between the parties in January and March 2018 did not result in a resolution of the dispute, Plaintiffs submitted the 10.9 Request to the Court on July 12, 2018.

7.     Whitworth submitted a response to the 10.9 Request on July 19, 2018, after which the Court held the July 23 Conference, at which all parties were represented by counsel.

II.

ANALYSIS

8.     Plaintiffs contend that twenty-seven of Whitworth's thirty-eight changes set forth in the Errata Sheet should be stricken because they involve extensive and impermissible substantive alterations to Whitworth's deposition testimony that effectively substitute Defendants' counsel's words for Whitworth's own.

Alternatively, Plaintiffs assert that, should the Court permit the Errata Sheet to alter Whitworth's testimony, Plaintiffs should be permitted to re-depose Whitworth concerning her Errata Sheet entries.

9.      In response, Whitworth and Defendants assert that nearly all the changes set forth in Whitworth's Errata Sheet were made to clarify her deposition testimony or make her testimony accurate and were fully permitted by the express terms of Rule 30(e).

10.      The plain language of Rule 30(e) permits a deponent to change the deponent's deposition transcript "in form or substance," so long as the deponent "sign[s] a statement reciting such changes and the reasons . . . for making them." N.C. R. Civ. P. 30(e).  Here, it is undisputed that Whitworth timely and properly submitted the signed Errata Sheet and that she set forth on the Errata Sheet, by page and line number, the specific changes she made to her deposition transcript and the specific reasons for each change.

11.      Relying on various federal decisions interpreting Rule 30(e) of the Federal Rules of Civil Procedure, which, in relevant part, is nearly identical to Rule 30(e) of the North Carolina Rules of Civil Procedure, Plaintiffs argue that extensive and comprehensive changes of the degree Whitworth made here should not be permitted under North Carolina's Rule 30(e) and that Whitworth's Errata Sheet should therefore be stricken. *See, e.g.*, *William L. Thorp Revocable Tr. v. Ameritas Inv. Corp.*, 57 F. Supp. 3d 508, 517 (E.D.N.C. 2014) (concluding that Federal Rule 30(e) "does not permit a party to make changes that substantively contradict or modify sworn

deposition [testimony]"); *see also Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1242 n.5 (10th Cir. 2002) ("[Federal Rule 30(e)] cannot be interpreted to allow one to alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all then return home and plan artful responses. Depositions differ from interrogatories in that regard. A deposition is not a take home examination.").

12. Although the Court is sympathetic to Plaintiffs' complaints, North Carolina Rule 30(e) is unequivocal. A deponent may make changes "in form or substance," provided the deponent signs, recites, and explains as provided in the Rule. While North Carolina courts often look to federal decisions interpreting identical provisions in the Federal Rules of Civil Procedure for guidance, the Court is not persuaded by the federal cases cited by Plaintiffs here in the face of the unambiguous language used in both the North Carolina and Federal Rules.[1]

13. Moreover, the decisions relied upon by Plaintiffs reflect the minority view within the federal judiciary, and a majority of federal courts have permitted broad substantive changes to a deponent's testimony under Federal Rule 30(e). *See, e.g.*, *Raytheon Co. v. Indigo Sys. Corp.*, No. 4:07-CV-109, 2009 U.S. Dist. LEXIS 12558, at *6–7 (E.D. Tex. Feb. 18, 2009) ("The majority of federal courts place no limit

---

[1] Because "[t]he North Carolina Rules of Civil Procedure are, for the most part, verbatim recitations of the federal rules[,]" "[d]ecisions under the federal rules are . . . pertinent for guidance and enlightenment in developing the philosophy of the North Carolina rules." *Turner v. Duke Univ.*, 325 N.C. 152, 164, 381 S.E.2d 706, 713 (1989). Federal decisions, however, are not binding on this Court or any North Carolina court interpreting a question solely of state law. *See Virmani v. Presbyterian Health Servs. Corp.*, 350 N.C. 449, 465, 515 S.E.2d 675, 686 (1999).

on the nature of the changes a witness may make to the substance of his testimony" and allow "both the original and amended versions of changed deposition testimony to remain in the record, leaving the witness to explain the changes to a likely skeptical jury."); *Harden v. Wicomico Cty.*, 263 F.R.D. 304, 307 (D. Md. 2009) ("A majority of courts interpret [Federal] Rule 30(e) literally to allow for any timely, substantive change for which a reason is given."); *see also, e.g.*, *Podell v. Citicorp Diners Club, Inc.*, 112 F.3d 98, 103 (2d Cir. 1997) ("[T]he language of [Federal Rule 30(e)] places no limitations on the type of changes that may be made, nor does [Federal Rule 30(e)] require a judge to examine the sufficiency, reasonableness, or legitimacy of the reasons for the changes—even if those reasons are unconvincing."); *Reilly v. TXU Corp.*, 230 F.R.D. 486, 487–90 (N.D. Tex. 2005) (reviewing the various approaches for interpreting the allowable scope of Federal Rule 30(e) changes and ultimately adopting a broad interpretation "consistent with the plain language" of Federal Rule 30(e), allowing any changes, "in form or substance"); *Lugtig v. Thomas*, 89 F.R.D. 639, 641 (N.D. Ill. 1981) ("Allowing a witness to change his deposition before trial eliminates the likelihood of deviations from the original deposition in his testimony at trial; reducing surprises at the trial through the use of Rule 30(e) is an efficient procedure."). The Court finds the reasoning of these courts persuasive in interpreting North Carolina Rule 30(e).

14.    In addition, this Court has previously rejected similar attempts to challenge extensive substantive changes where the deponent, like Whitworth here, adhered to North Carolina Rule 30(e)'s requirements by "sign[ing] a statement reciting such

changes and the reasons given . . . for making them." *See* Order Mot. Strike Errata Sheet at 6, *Bueche v. Noel*, No. 07 CVS 597 (Henderson County, N.C. Super. Ct.) (Diaz, J.), ECF No. 120; Order Def.'s 10.9 Request at 2, *BB&T Boli Plan Tr. v. Mass. Mut. Life Ins. Co.*, No. 15 CVS 2638 (Forsyth County, N.C. Super. Ct.) (Bledsoe, J.), ECF No. 88. The Court sees no basis for a contrary result on the facts here.

15. Whitworth has complied with the straightforward requirements of North Carolina Rule 30(e), and, as a result, the Court concludes that Whitworth's Errata Sheet changes must be permitted. Accordingly, the Court, in the exercise of its discretion, denies Plaintiffs' 10.9 Request and will not strike any of Whitworth's Errata Sheet entries.

16. The Court imposes two safeguards, however, in light of the extensive substantive changes Whitworth has made to her deposition transcript. First, Whitworth's original answers to the questions posed at her deposition will remain part of the record and may be used for impeachment, as contemplated under the applicable North Carolina Rules of Evidence, or for any other relevant or proper purpose. *See, e.g.*, Order Mot. Strike Errata Sheet at 6–7, *Bueche* (citing *N. Trade U.S., Inc. v. Guinness Bass Imp. Co.*, No. 3:03CV1892, 2006 U.S. Dist. LEXIS 54435, at *6–7 (D. Conn. Aug. 7, 2006)); *see also, e.g.*, *Podell,* 112 F.3d at 103 (holding, under Federal Rule 30(e), that the record must include both the original and altered responses); *United Subcontractors, Inc. v. Darsey*, No. 3:13-cv-603-J-99TJC-MCR, 2013 U.S. Dist. LEXIS 152912, at *6 (M.D. Fla. Oct. 24, 2013) (allowing original

deposition answers to remain part of the record and to be read at trial); *Lugtig*, 89 F.R.D. at 641 (to similar effect).

17.    In addition, the Court will permit Plaintiffs to re-depose Whitworth, for a period of no more than one hour of on-the-record time[2] and at Defendants' expense, regarding the changes Whitworth has made to her deposition transcript and the reasons for those changes and to ask reasonable follow-up questions that flow from Whitworth's answers to these permitted inquiries. *See* Order Mot. Strike Errata Sheet at 7, *Bueche* (citing *Medina v. Horseshoe Entm't*, No. 05-0097, 2006 U.S. Dist. LEXIS 49137, at *10–11 (W.D. La. July 19, 2006)); *see also, e.g.*, *Reilly*, 230 F.R.D. at 491 (permitting limited re-deposition at deposed party's expense in light of the number and significance of transcript corrections); *Foutz v. Town of Vinton*, 211 F.R.D. 293, 295 (W.D. Va. 2002) (permitting limited re-deposition at deposed party's expense in light of deponent's 19-page errata sheet containing substantive corrections "to give the defendants the opportunity to impeach [the deponent] with his contradictory answers"); *Lugtig*, 89 F.R.D. at 642 (finding reopening deposition at deposed party's expense appropriate when deponent made significant changes that rendered deposition incomplete or useless without further testimony).

18.    The Court further notes that Plaintiffs may seek to challenge Whitworth's substantive corrections to the extent Defendants offer those corrections as a basis to advance or defeat summary judgment at a later stage of these proceedings. *See, e.g.*,

---

[2]    Counsel for the parties agreed at the July 23 Conference that one hour of on-the-record time will be sufficient for the limited re-deposition of Whitworth contemplated by this Order and Opinion.

*Thorn v. Sundstrand Aerospace Corp.*, 207 F.3d 383, 389 (7th Cir. 2000) (permitting a trial judge to disregard substantive errata sheet changes on summary judgment where the changes do not reflect errors in transcription). The Court defers any determination on whether the Court will consider Whitworth's Errata Sheet changes on any motion for summary judgment that may be filed in this action unless and until that issue is raised in the summary judgment phase of this case. *See* Order Def.'s 10.9 Request at 3, *BB&T Boli Plan Tr.*; *see also, e.g.*, *Carter v. W. Am. Ins. Co.*, 190 N.C. App. 532, 539, 661 S.E.2d 264, 270 (2008) ("A non-moving party cannot create an issue of fact to defeat summary judgment simply by filing an affidavit contradicting his prior sworn testimony."). *See generally United States ex rel. Robinson v. Ind. Univ. Health Inc.*, 204 F. Supp. 3d 1040, 1041–45 (S.D. Ind. 2016) (discussing the "sham affidavit doctrine" and its application to errata sheets).

## III.

## CONCLUSION

19. **WHEREFORE**, the Court, in the exercise of its discretion, hereby **DENIES** Plaintiffs' 10.9 Request to strike portions of Whitworth's Errata Sheet and **ORDERS** as follows:

    a. Whitworth's Errata Sheet is hereby permitted to stand, shall not be stricken, and shall be appended to Whitworth's deposition transcript;

    b. Whitworth's original answers to the questions posed at her deposition will remain part of the record of this case and may be used for

impeachment, as contemplated by the applicable North Carolina Rules of Evidence, or for any other relevant and proper purpose;

c. Plaintiffs will be permitted to re-depose Whitworth, at Plaintiffs' election and at Defendants' expense, for a total period of no more than one hour of on-the-record time, at a date, time, and place mutually convenient to the parties;

d. Any such re-deposition of Whitworth shall occur promptly hereafter but in any event no more than sixty (60) days after the entry of this Order and Opinion; and

e. The questions the parties may ask at any re-deposition of Whitworth are strictly limited to the corrections Whitworth made on the signed Errata Sheet, the reasons therefor, and any reasonable follow-up questions that flow from the answers given.

**SO ORDERED**, this the 2nd day of August, 2018.


/s/ Louis A. Bledsoe, III
Louis A. Bledsoe, III
Chief Business Court Judge